IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRA PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 cv 11703 |
| | ) |
| CITY OF PALATINE, OFFICER GREGORY | ) |
| GUIMON, TOWNSHIP SCHOOL DISTRICT | ) |
| 211, GARY STEIGER, TONY MEDINA, | ) |
| MICHAEL FARRELL, and CHUCK READ, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KENDRA PETERS, by and through counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF PALATINE, OFFICER GREGORY GUIMON, TOWNSHIP SCHOOL DISTRICT 211, GARY STEIGER, TONY MEDINA, MICHAEL FARRELL, and CHUCK READ, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of her rights secured by the Constitution and laws of the United States.

### JURISDICTION AND VENUE

2. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

1

4. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

## PARTIES

5. PLAINTIFF KENDRA PETERS is a citizen of the United States of America who resides in Cook County, Illinois. At all times relevant, she was a student at Palatine High School located in Cook County, Illinois.

6. DEFENDANT OFFICER GREGORY GUIMON ("Defendant Officer") was, at the time of this occurrence, a duly licensed Palatine Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

7. DEFENDANTS GARY STEIGER, TONY MEDINA, MICHAEL FARRELL, and CHUCK READ ("School Defendants"), were, at all times relevant, employees at Palatine High School and Defendant School District. Defendants engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

8. DEFENDANT CITY OF PALATINE ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendant.

9. DEFENDANT TOWNSHIP HIGH SCHOOL DISTRICT 211 ("School District"), according to its website, includes the municipalities of Palatine and Schaumburg and portions of Hoffman Estates, Inverness, South Barrington, Elk Grove Village, Hanover Park, Rolling Meadows, Roselle, Streamwood, and Arlington Heights. The school district is located 35 miles northwest of downtown Chicago and contains five high schools and

two alternative schools, including Palatine High School. At all times relevant, Defendant School District was the employer and principal of the school defendants.

## FACTS

10. At all times relevant, Plaintiff Kendra Peters was a senior at Palatine High School, which she attended with her younger sister. She is currently a first-generation college student at Harper Community College.

11. On or around Wednesday, May 18, 2016, Ms. Peters was joking around with her sister in the lunch room when she got milk spilled on her.

12. As a result, Ms. Peters began to chase her younger sister down the hallway.

13. Without a lawful basis, or any other reason, Defendant Farrell speared Ms. Peters. While he pinned her face down on the ground, Defendant Read smashed her head into the floor and wrenched at her arms and wrists.

14. Defendant Farrell then yanked her off the floor and slammed her into the wall.

15. Defendant Steiger and Defendant Medina had to tell Defendant Farrell to let release her, after which Ms. Peters was taken to the school counselor and received an ice pack for her head.

16. Although Ms. Peters had done nothing wrong, when Defendant Medina and/or Steiger reviewed the tape showing the unreasonable and unnecessary force that had been used against Ms. Peters, they instituted false criminal charges against her to cover up for Defendant Read and Farrell's misconduct.

17. Defendant Officer acted willfully and jointly with the School Defendants to deprive Ms. Peters of her constitutional rights, including, but not limited to, the Fourth Amendment of the Constitution of the United States.

18. Without probable cause, or any other lawful basis, Defendant Guimon arrested Ms. Peters and her sister.

19. Ms. Peters asked for permission to contact their parents, which the defendants denied.

20. Defendant Officer and the School Defendants acted willfully and jointly with each other to cause false charges to be brought against Ms. Peters.

21. Without probable cause, or any other lawful basis, Defendant Guimon signed a criminal ticket against Ms. Peters for disorderly conduct.

22. As a result of the baseless charges leveled against Ms. Peters, Defendant Medina and Defendant Steiger gave her an indefinite suspension.

23. Ms. Peters, a high school senior, was not allowed to return to school for the remainder of the school year. Worse, she was barred from graduating with the rest of her class or even attend this once-in-a-lifetime ceremony.

24. On July 7, 2016, the charge against Ms. Peters was dismissed in a manner consistent with her innocence.

25. As a direct and proximate result of the unlawful actions of the defendants, Ms. Peters was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of her constitutional rights and dignity, interference with her normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Excessive Force
*Against Defendants Read and Farrell*

26. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

27. The actions of Defendants constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating her rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

28. As a direct and proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, KENDRA PETERS, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, CHUCK READ and MICHAEL FARRELL, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – False Imprisonment/Arrest
*Against All Individually-Named Defendants*

29. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

30. The actions of Defendants, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's rights under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

31. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person.

32. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, KENDRA PETTERS, purusant to 42 U.S.C. §1983, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## **COUNT III: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights**
*Against All Individually-Named Defendants*

33. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

34. As described more fully above, Defendants reached an agreement amongst themselves to punish Plaintiff for a crime she did not commit, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

35. In this manner, Defendants, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

36. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

37. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and she suffered damages, severe emotional distress and anguish, and deprivation of her liberty, as is more fully alleged above.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

39. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including the deprivation of her civil rights. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, KENDRA PETERS, purusant to 42 U.S.C. §1983, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 745 ILCS 10/9-102 – Indemnification
*Against Defendants City and School District*

40. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

41. Defendant City of Palatine is the employer of the Defendant Officer.

42. Defendant Township High School District 211 is the employer of the School Defendants.

43. The Individually-Named Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City and/or School District.

WHEREFORE the Plaintiff, KENDRA PETERS, demands that, should any Individually-Named Defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant CITY and/or SCHOOL DISTRICT be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

### COUNT V: Malicious Prosecution (State Law Claim)
*Against All Defendants*

44. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

45. By the actions detailed above, Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff for a false charge for which they knew there was no probable cause.

46. Defendant City and Defendant School District are sued in this Count pursuant to the doctrine of *respondeat superior*, in that the Individually-Named Defendants performed the actions complained of while on duty and/or in the employ of Defendant City and Defendant School District, and while acting within the scope of this employment.

47. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of her lost liberty, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, KENDRA PETERS, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

>
> Respectfully Submitted,
>
> KENDRA PETERS
>
> By: s/ Jeanette Samuels
> One of Plaintiff's Attorneys
>
> SAMUELS & ASSOCIATES, LTD.
> 3440 S. Cottage Grove, #504
> Chicago, IL 60616
> T: 872.588.8726
> F: 872.444.3011
> E: sam@jsamlaw.com