# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENDRA PETERS, | ) |
| | ) Case No. 16-CV-11703 |
| Plaintiff, | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| CITY OF PALATINE, OFFICER GREGORY | ) |
| GIUMON, TOWNSHIP SCHOOL DISTRICT | ) |
| 211, GARY STEIGER, TONY MEDINA, | ) |
| MICHAEL FARREL, and CHUCK READ | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This federal lawsuit unfortunately stems from a ruckus between two siblings on school grounds. Plaintiff Kendra Peters brings this action against defendants City of Palatine, Officer Gregory Giumon, Township School District 211, Gary Steiger, Tony Medina, Michael Farrell, and Chuck Read, alleging the use of excessive force, false imprisonment, malicious prosecution, conspiracy, First Amendment retaliation, and indemnification. Defendants move for summary judgment [56] on all claims. For the reasons set forth herein, that motion is granted in part and denied in part.

**Rule 56.1 Statements**

As an initial matter, the Court turns to the sufficiency of the parties' Rule 56.1 statements. Peters objects that many of defendants Rule 56.1(a)(3) statements violate Local Rule 56.1 because they contain multiple facts and it is unclear which portion of the record pertains to each fact. Peters also lists multiple sources of evidence at the end of a factual statement, so her objection is not well taken. Although "a district court is entitled to expect strict compliance with Rule 56.1," *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004), both parties' statements of additional

1

facts generally comply with the spirit of the rule and are not so disruptive to the Court's decision-making process to warrant non-consideration of these facts.

Peters denies ¶¶ 33 and 46 of defendants' Rule 56.1(b)(3)(C) statement without citing any record material. (Doc. 61 ¶¶ 33, 46.) This violates Local Rule 56.1(a)(3), which requires a requires the inclusion of "references to the affidavits, parts of the record, and other supporting materials relied upon." Because the record material cited by defendants also supports these statements, ¶¶ 33 and 46 of defendants' Rule 56.1(b)(3)(C) statement are deemed undisputed. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218–19 (7th Cir. 2015).

**Background**

While the parties dispute many of the specifics regarding the events that gave rise to this suit, the following core narrative is undisputed: On May 18, 2016, Peters was aggressively chasing her sister in the cafeteria and through the halls of Palatine High School, including the "non-option" hallway where Special Education students attended classes. Shortly before students would be passing through the hall to change class periods, Peters was still chasing her sister. At that point, defendant Michael Farrell stopped Peters by using physical force and defendant Chuck Read assisted Farrell's efforts to keep Peters restrained. Later that same afternoon Peters completed an incident report that admitted that she chased her sister around the school and that she expected that charges would be pressed against Farrell and Read. Despite her expectations, Peters was arrested for disorderly conduct and subsequently disciplined with suspension from school.

**Legal Standard**

Summary judgment is proper when the pleadings, the discovery materials, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986). A genuine factual dispute exists when there is enough

2

evidence that a reasonable jury could find in favor of the nonmoving party. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661 (7th Cir. 2016). In determining whether or not a genuine issue of material fact exists, this Court must view the evidence and draw all inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**Discussion**

*Excessive Force (Count I)*

Defendants contend that the standard applied to excessive force for seizure of students at public schools is distinct from the standard used to evaluate police excessive force cases pursuant to Section 1983. In *Wallace by Wallace v. Batavia School District 101*, the Seventh Circuit held that "in the context of a public school, a teacher or administrator who seizes a student does so in violation of the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent." 68 F.3d 1010, 1014 (7th Cir. 1995). Applying the *Wallace* standard, defendants argue that Farrell and Read's use of force was not objectively unreasonable based on Peters' actions leading up to Farrell and Read's use of force and restraint of Peters. Although Peters fails to respond to defendants' argument concerning the proper standard, Peters did rely on authority applying the Fourth Amendment's objective reasonableness standard. The facts underlying this litigation occurred in a public school and involve the use of force by a school administrator, so this Court finds that the *Wallace* objective reasonableness standard applies here.

However, under either standard there remains a material dispute of fact as to whether the force Farrell and Read used when physically restraining Peters was objectively unreasonable. For example, the parties disagree regarding whether Farrell intentionally tackled Peters, whether Farrell prevented Peters from getting up, and whether Read pushed Peters down and caused her to hit her head on the floor. The video of the incident is sufficient evidence that a reasonable jury could find

3

in favor of Peters. *See Cyrus v. Town of Mukwonago*, 624 F.3d 856, 862 (7th Cir. 2010) (summary judgment denied because there was conflicting evidence concerning how much force defendant used against the plaintiff). Since the benefit must be given to the non-moving party, the evidence presented at this stage precludes a grant of summary judgment on the excessive force claim.

*False Imprisonment/Arrest (Count II)*

Defendants argue that probable cause existed for Peters' arrest, which is an absolute bar to a claim of false arrest under the Fourth Amendment. Peters fails to respond to this argument. Nonetheless, the Court must review defendants' argument to determine whether it is legally sufficient to result in summary judgment under Seventh Circuit precedent. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

Because probable cause is an absolute bar to a claim of false arrest under the Fourth Amendment, this Court considers probable cause first. *See Stokes v. Bd. of Educ. of the City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010). Probable cause exists where, at the time of the arrest, the facts and circumstances known to defendants are sufficient to warrant that a prudent person believe that the suspect has committed an offense. *Id.* (internal citations and quotations omitted). A police officer's probable cause determination is tied to the elements of the applicable criminal statute, which in this case was disorderly conduct. *Id.* Under Illinois law, disorderly conduct is to commit any act in such an "unreasonable manner as to alarm or disturb another and to provoke a breach of the peace[.]" 720 Ill. Comp. Stat. 5/26-1(a)(1). Whether the conduct is reasonable necessarily depends on the facts and circumstances of the case; however, "[a] person's conduct must actually bring about a breach of the peace, not merely tend to do so." *Stokes*, 599 F.3d at 622 (citing *In re D.W.*, 150 Ill. App. 3d 729, 731, 502 N.E.2d 419 (4th Dist. 1986)). Thus, the issue is whether the facts taken in the light most favorable to Peters show that a reasonable person in the individual defendants' shoes could have had probable cause to believe that Peters engaged in disorderly

4

conduct. The fact that the dispute was between sisters does not negate the criminality of the conduct.

Although the determination of probable cause is often left to a jury, the Court may decide whether probable cause existed if the facts material to the probable cause determination are not in dispute. *See Stokes*, 599 F.3d at 623. When all genuine factual disputes are resolved in Peters' favor, it is clear that Peters' actions breached the peace at the high school. Indeed, even Peters admits that "her behavior caused a substantial disruption." (Doc. 61 ¶ 33.) This Court grants summary judgment on Count II.

*First Amendment Retaliation (Count VI)*

Defendants contend that because Peters was arrested for disorderly conduct before she filed this litigation, her arrest occurred before the protected activity and did not deter her from exercising her First Amendment right to petition for redress of grievances. In the alternative, if Peters is claiming that her First Amendment protected speech was her complaint about pressing charges against defendants Read and Farrell, defendants argue that her claim still fails. Defendants contend that there is no evidence that her incident report was a motivating factor for her arrest. Peters responds that her complaint that she intended to press charges against Read and Farrell was protected by the First Amendment even though it occurred before she was arrested.

To prevail on her First Amendment retaliation claim, Peters must show that: (1) she engaged in activity protected by the First Amendment; (2) she suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations and quotations omitted). The First Amendment protects speakers from punishment designed to discourage future speech and actions intended to penalize for completed speech. *See Fairley v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009) (reversing grant of

5

summary judgment to defendants on First Amendment retaliation claim based on threats of punishment).

It is undisputed that Peters complained about Farrell and Read's actions in her incident report, which Peters prepared at the school following the incident. When "intelligible, nonfrivolous, and nonmalicious" grievances are addressed to the appropriate government body, they are "petitions for the redress of grievances within the meaning of the First Amendment and are therefore prima facie protected by the amendment." *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Although the parties have not provided, and this Court is not aware of, authority deciding whether incident reports filed with a public school are petitions for redress of grievances, Peters' actions alerted defendants to her intention to press charges against Farrell and Read. This Court finds that Peters' incident report is speech within the meaning of the First Amendment.

That same afternoon Peters was arrested for disorderly conduct and suspended. For retaliation to filing a petition to be actionable, "the means of retaliation must be sufficiently clear and emphatic to deter a person of 'ordinary firmness' from submitting such petitions in the future." *Hughes*, 816 F.3d at 956. Arrest for disorderly conduct, especially of a high school student, satisfies this bar. *See Hawkins v. Mitchell*, 756 F.3d 983, 997 (7th Cir. 2014) ("arrest qualifies as a deprivation that is likely to deter First Amendment Activity").

Finally, Peters must present evidence that her incident report was at least a motivating factor in the defendants' decision to arrest and suspend her. Peters contends that the "very close" temporal proximity between filing her incident report and her arrest and punishment suggests that her First Amendment speech was a motivating factor for defendants to retaliate against her. Peters fails to satisfy this bar. This Court has found that there was probable cause for Officer Guimon to arrest her for disorderly conduct. Because Peters presents no evidence beyond her suspicions, the

Court finds that no reasonable jury could find that Peters was arrested in retaliation for expressing her desire to press charges.

Further, Peters admitted that the Palatine High School discipline team determined suspension was an appropriate response because of the substantial disruption that her disorderly conduct caused. (Doc. 61 ¶ 33.) Still, Peters argues that the close timing of her complaint and her suspension create an inference of retaliation. While there may be occasions where "an adverse action comes so close on the heels of a protected act that an inference of causation is sensible," *Loudermilk v. Best Pallet Co., LLC*, 636 F.3d 312, 315 (7th Cir. 2011), this case not one of them. Peters created a disruption at Palatine High School and in the hours following her actions, an officer arrested her, and the school discipline team determined that suspension was appropriate. A timely response to school disruptions is important to maintain order and discipline. This Court grants summary judgment on Peters' First Amendment retaliation claim.

*Conspiracy to Deprive Constitutional Rights (Count III)*

Defendants argue that Peters' conspiracy claim fails both because Peters has not established that her constitutional rights were violated and because there is no evidence that defendants conspired to deprive Peters of any constitutional rights. Peters also fails to respond to this argument. Again, the Court reviews defendants' argument to determine whether it is legally sufficient to grant summary judgment under Seventh Circuit precedent. *See Raymond*, 442 F.3d at 608.

Civil conspiracy requires that two or more people act "in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (internal citations and quotations omitted). Although a plaintiff can point to circumstantial evidence to establish a conspiracy, that "evidence cannot be speculative." *Id.* at 511.

Peters' conspiracy claim must fail because her allegations are conclusory. Indeed, she points to no overt acts or even any circumstantial evidence that reasonably suggests that the individual defendants conspired to punish Peters. *See Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). Further, Peters admitted that she was suspended due to her actions, including "fighting, insubordination, contact with a staff member, disorderly conduct, [and] dangerous behavior." (Doc. 61 ¶ 33.) Peters points to no evidence that disputes her admission that her disruptive behavior was the reason for the actions in her response to her conduct. On this evidence, no reasonable jury could find that the individual defendants conspired to deprive Peters of her constitutional rights. This Court grants summary judgment on Peters' conspiracy claim.

*Malicious Prosecution (Count V)*

Defendants contend that Peters' malicious prosecution claim must fail because Peters cannot predicate her claim on an underlying proceeding that was terminated in a manner not indicative of her innocence. Defendants elaborate that the *nolle prosequi* order is not a final disposition of a case and simply reverts the matter back to the same condition that existed before the commencement of the prosecution. Peters responds that she only must prove that the *nolle prosequi* order is consistent with her innocence.

To establish a malicious prosecution action, the plaintiff must allege facts that demonstrate that: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238 (1996) (internal citations and quotations omitted). Failure to satisfy any of these elements bars a plaintiff from pursuing a malicious prosecution claim. *Id.*

8

Despite her arguments to the contrary, Peters admitted in her response to defendants' Rule 56.1(b)(3)(C) statement that the disorderly conduct charge against her was ended through a *nolle prosequi* order because the arresting officer, Gregory Guimon, did not appear due to the birth of his first child. (Doc. 61 ¶ 46.) As the only witness for the disorderly conduct charge, the charge was dropped after Officer Guimon did not appear, and not due to any reason that would indicate that Peters was innocent of the charge of disorderly conduct. (*Id.*) Officer Guimon did not find it necessary to bring the charge back to court because it was a local ordinance disorderly conduct ticket. On this evidence, no reasonable jury could find that any of the defendants maliciously prosecuted Peters. The Court grants summary judgment on Peters' malicious prosecution claim.

*Indemnification (Count IV)*

Defendants argue that under Illinois law, a municipality is not liable for an injury that results from an act of its employee where the employee is not liable. (Doc. 57 at 12–13 (citing 745 ILCS 10/2-109; 745 ILCS 10/2-302; 65 ILCS 5/1-4-6).) Peters responds that because a reasonable jury could find that defendants violated her rights, the Village and School District are not entitled to dismissal. Because this Court denies summary judgment on Counts I and VI, individual defendants may be found liable for injuring Peters. As such, summary judgment is denied on Peters' indemnification claim.

**Conclusion**

Based on the foregoing, defendants' Motion for Summary Judgment [56] is denied on Counts I and IV and granted on Counts II, III, V, and VI.

IT IS SO ORDERED.

Date: 2/20/2019         Entered: _____

SHARON JOHNSON COLEMAN
United States District Court Judge